DANIEL JACKSON, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Macoupin.*

On a trial for bigamy, a copy of the marriage license and certificate of the officer or person solemnizing the marriage, properly authenticated by the clerk of the County Commissioners' Court, in whose office the original license and certificate were filed, is admissible in evidence to prove such marriage.

Under the statute of Illinois, it is optional with the prosecuting attorney, whether to use the marriage license and certificate or other record evidence, or to prove the marriage by such other evidence as is admissible to prove a marriage in other cases.

A TRIAL was had in this case at the May term, 1839, of the Circuit Court of Macoupin county, the Hon. William Thomas presiding.

The cause was brought into this Court by the defendant, by writ of error.

J. A. McDOUGALL, for the plaintiff in error.

W. KITCHELL, Attorney General, and J. GILLESPIE, for the defendants in error.

BROWNE, Justice, delivered the opinion of the Court:

This was a prosecution commenced in the Circuit Court of Macoupin county, against Daniel Jackson, for bigamy. The indictment charges the said Daniel Jackson with marrying one Sarah Hartwell, on the 5th day of September, 1836, in the county of Rock Island, and State of Illinois, and having the said Sarah then and there for his wife ; and that the said Daniel Jackson afterwards, and while he was so married to the said Sarah as aforesaid, to wit : on the 31st day of May, in the year 1838, in the county of Macoupin, and State of Illinois, feloniously and unlawfully did marry and take to wife one Nancy Solomon, and to her, the said Nancy Solomon, was then and there, last aforesaid, married ; the said Sarah, his former wife being then alive ; which said fact, to wit, that the said Sarah, his former wife, was alive at the time of the marriage of the said Daniel Jackson with the said Nancy Solomon, he, the said Jackson, then and there, last aforesaid, well knew, &c. &c. The defendant, by his counsel, moved the Court to quash the indictment, which motion was overruled. The defendant pleaded not guilty, and a jury was sworn to try the issue. The State's Attorney then proved the first marriage, by producing a copy of the marriage license, with the certificate of the justice of the peace of Rock Island county, endorsed on the license, that he had solemnized the marriage ; and a certificate of the clerk of the County Commissioners' Court of Rock Island county, that the same was a true copy, transcribed from the original on file in his office, &c. The defendant objected to the introduction of this evidence. The Circuit Court overruled the objection. The jury found a verdict against the defendant, and sentenced him to confinement in the penitentiary for eighteen months. The defendant moved in arrest of judgment, which motion was overruled by the Court. To reverse the verdict and judgment, this writ of error is brought. The error assigned is, the admission of the copy of said license and certificate in evidence to prove the first marriage.

In the Revised Code, (1) in treating of the kind of evidence necessary to prove either marriage, it is provided, that " It shall not be necessary to prove either of the said marriages by the register or certificate thereof, or other record evidence, but the same

(1) R. L. 198, § 121 ; Gale's Stat. 220.

may be proved by such evidence as is admissible to prove a marriage in other cases." The object of this statute was to let in an inferior grade of evidence. The State's Attorney was not compelled to resort to the documentary evidence; but the statute left it completely discretionary with him, as to the kind of evidence he would use. The judgment of the Court below is affirmed.

*Judgment affirmed.*